Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have requested an Attorney General opinion regarding the repayment of refunded contributions to a local police pension fund.
More specifically, you state that the city council of the City of Stuttgart has recently adopted a personnel policy that states, under the heading of "Re-Hire of Former Employees": "Former employees of the uniformed departments will have prior service reinstated (does not include seniority) only if the employee buys back former pension (i.e.,
"the old plan") by December 31, 2001, and subject to any other applicable state laws."
Concerning this policy, you have asked:
 Is there a limited period of time during which a member may pay back refunded contributions to a local police pension fund, and thereby have old pension plan service credit restored?
RESPONSE
It is my opinion that state law does not create a limited time period during which a former member of a local police pension fund may pay back refunded contributions and have service credit restored. It is my opinion further that it would be possible to create a limited time period for such repayment that would not violate state law; however, it is my opinion that a date-specific limitation on repayment is contrary to state law, and is therefore one that municipalities are not authorized to enact.
State law establishes the right of former members of local police pension funds to pay back refunded contributions, with interest, and have service credit in the old plan restored. This right is granted in A.C.A. §24-11-421, as follows:
 (a)(1) In the event a former member again becomes an employee of the same police department where previously employed, the police officer shall again become a member of the system, and the credited service forfeited by him shall be restored to his credit, but only if he returns to the fund the amount refunded to him, plus interest from the date of withdrawal to the date of repayment.
 (2) The interest rate to be paid shall be equal to the fund's average investment rate of return as indicated in the last three (3) annual, accountant's reports, but in no case less than six percent (6%).
 (3) The repayment shall be made according to such rules and regulations as the board shall adopt.
 (b) Any police officer who has become a member of the Arkansas Local Police and Fire Retirement System shall remain a member of that system.
A.C.A. § 24-11-421.
The above-quoted statute places no limitation on the time period during which repayment must take place. The statute does, however, grant the local board the authority to adopt rules and regulations that govern the repayment. For this reason, it is my opinion that the board could adopt a time limitation that would not be contrary to state law. However, a date-specific limitation (i.e., one that names a specific calendar date after which repayment may not be made) has the effect of depriving the right of repayment to future employees for whom the need for repayment may not even arise until after the stated date. In other words, a date-specific limitation could have the effect of depriving the right that is granted by state law. A limitation of this nature is therefore contrary to state law.
Cities are empowered to enact provisions concerning municipal affairs, provided that such provisions do not conflict with state law. See A.C.A. §§ 14-43-601, -602 (cities can exercise legislative power over "municipal affairs"); 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law); 14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state);14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state"); 14-42-502 (city councils in cities of the first class have legislative power granted by state law and "not prohibited by it"). Cities are also authorized to exercise functions or legislative power concerning state affairs (such as pensions) if they do not conflict with state law. A.C.A. § 14-43-601(a)(1)(F) and (a)(2).
Because a date-specific limitation on the right to repay refunded contributions and have service credit restored is contrary to state law, as explained above, it is my opinion that such a limitation is one that municipalities are not authorized to enact.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General